# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL O'BRYAN,     )
             )
      Plaintiff,  )
             )
   v.         )  Civil Action No. 06-50 (RJL)
             )  Electronic Case Filing
GORDON R. ENGLAND, Secretary of the )
United States Navy,     )
             )
      Defendant. )
_____)

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

   Defendant Gordon R. England, Secretary of the Navy, through his undersigned counsel,

respectfully moves this Court pursuant to Rule 56, Fed. R. Civ. P., for judgment in his favor in

this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case concerning documents sought

by the plaintiff. The grounds for this motion are set forth in the accompanying Defendant's

Memorandum in Support of Motion for Summary Judgment. This motion is supported by the

Declarations of Susan C. James, the FOIA/PA Coordinator in the Office of Counsel for the Space

and Naval Warfare Systems Command, Elizabeth VanHorn for the Office of Counsel for the

Space and Naval Warfare Systems Center in San Diego ("SSC San Diego"), and Douglas Kirby,

an Information Assurance Specialist in the Security Office in SSC San Diego, which are all

attached hereto. A statement of material facts not in genuine dispute is also attached.

WHEREFORE, based on the foregoing, the defendant respectfully requests that the Court

enter judgment in his favor.

Dated: March 24, 2006.

Respectfully submitted,


_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL O'BRYAN,             )
                                  )
            Plaintiff,        )
                                  )
        v.                    )     Civil  Action  No. 06-50 (RJL)
                                  )     Electronic Case Filing
GORDON R. ENGLAND, Secretary of the  )
the United States Navy,          )
                                  )
            Defendant.      )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

      This case involves the United States Navy's duty under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a, to process a request made by the plaintiff for certain specific information relating to information technology and security policies and investigations for a specific Navy facility located in California.  To date, responsive documents have been located, reviewed, and processed for release to plaintiff.  In short, as of the filing of this motion, the Navy has made available to plaintiff all of the non-exempt, responsive documents in its possession.  Defendant has  invoked two of the statutory exemptions under FOIA to withhold information for legally permissible reasons as reflected in the Vaughn index accompanying the Declaration of Susan C. James, the FOIA/PA Coordinator in the Office of Counsel for the Space and Naval Warfare Systems Command ("James Dec.") (attached as Exhibit 1).  Accordingly, because the Navy has fully performed its statutory duty and there are no genuine issues of material fact, defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

## BACKGROUND

By letter dated September 13, 2005, plaintiffs sought information from the Space and Naval Warfare Systems Center in San Diego, California.  See Complaint, ¶ 4 & Exh. A.  More specifically, plaintiff requested "NMCI computer room SSC San Diego Building 40, Room 228, called the "Great Team Lab" for the period 2001 to 2002."  Id.; see also James Dec. ¶ 3.  The Navy promptly began searching for responsive documents and contacted plaintiff multiple times between October and November, 2005 to advise him that agency personnel were having difficulty locating responsive information and seeking information to assist with the search.  See Declaration of Elizabeth VanHorn ("VanHorn Dec."), ¶¶ 3-6.  When plaintiff failed to return a telephone message indicating that agency personnel had located at least some information, the Navy believed that plaintiff was no longer interested in obtaining the information and had withdrawn his request.  Id. ¶ 6.

After the Navy personnel who had been working on his FOIA request were informed in February, 2006, that plaintiff had filed this action, they resumed the search and expanded its scope.  Id. ¶¶ 7-10.  With respect to some but not all of plaintiff's specific requests, documents were located and processed.  Id.  On February 16 and 28, 2006, records were released to plaintiff.  See James Dec. ¶ 4.  Plaintiff was advised that information was being withheld under the FOIA on 64 pages and that 8 pages were being released in full.  Id.

## Argument

The Freedom of Information Act, 5 U.S.C. § 552, as amended, ("FOIA"), provides generally a statutory right of access to certain government information.  Accordingly, FOIA directs government agencies to disclose agency records to citizens who request them, unless the

requested records fall within one of FOIA's nine enumerated exemptions.  In this case, defendant

has justified nondisclosure of certain limited information contained in documents under two of

the nine exemptions.

## I.    Standard for Summary Judgment

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together

with the declarations, demonstrate that there is no genuine issue of material fact and that the

moving parties are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242 (1986); Alyeska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313

(D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary

judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  The Court

exercises de novo review over FOIA matters, and the burden is on the agency to justify all

nondisclosures.  5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For

Freedom of the Press, 489 U.S. 749, 755 (1989).  In carrying its burden of proof, agencies may

rely on declarations of government officials which courts normally accord a presumption of

expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in

good faith.  Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v.

National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979); Pharmaceutical Mfg. Ass'n v.

Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978).  Once the Court determines that the

declarations are sufficient, it need not inquire further.

In this case, the Navy justifies its assertion of the relevant exemptions through both a

general description of their application as well as by providing a detailed index, commonly

referred to as a Vaughn index.  The purpose of a Vaughn index is "to permit adequate adversary

testing of the agency's claimed right to an exemption." NTEU v. Customs, 802 F.2d 525, 527

(D.C. Cir. 1986), citing Mead Data Central v. United States Dept. of the Air Force, 566 F.2d 242,

251 (D.C. Cir. 1977), and Vaughn v. Rosen, 484 F.2d 820, 828 (D.C. Cir. 1973), cert. denied,

415 U.S. 977 (1974).  Thus, the index must contain "an adequate description of the records" and

"a plain statement of the exemptions relied upon to withhold each record".  NTEU, 802 F.2d at

527 n.9.  "The form of the Vaughn index is unimportant and affidavits providing similar

information can suffice." Spirko v. U.S. Postal Service, 147 F.3d 992, 998 n.4 (D.C. Cir. 1998),

citing Gallant v. NLRB, 26 F.3d 168, 172-73 (D.C. Cir. 1994).

## II.    Defendant Performed A Reasonable Search for Responsive Documents

In a FOIA case, the agency must establish that it has conducted a search reasonably

calculated to uncover all responsive records.  Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485

(D.C. Cir. 1984).  The issue is not whether there might possibly exist other records responsive to

the request, but whether the search for responsive records was reasonable.  Id.  The agency can

establish the reasonableness of its search by affidavits if they are relatively detailed, non-

conclusory, and made in good faith.  Weisberg, 745 F.2d at 1485.  Summary judgment is

appropriate where the agency submits  a "'reasonably detailed affidavit, setting forth the search

terms and the type of search performed, and averring that all files likely to contain responsive

materials (if such records exist) were searched'", unless "a review of the record raises substantial

doubt" about the adequacy of the search.  Valencia-Lucena v. United States Coast Guard, 180

F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir.

1990).  In this case, plaintiff was highly specific about where he wanted the Navy to search for

documents, and the Navy actively pursued leads to discovery the requested information.
Valencia-Lucena, 180 F.3d at 325.

Navy personnel searched the Security Department and logically traced the current location of the facility which was the main subject of plaintiff's FOIA request (the Green Team Lab) to a reconfigured lab space in Rooms 222, 223, and 224 in Building 40.  See VanHorn Dec. ¶ 7.  The Navy also made significant efforts to locate documents in response to each of plaintiff's detailed requests for information involving security training and other matters.  Id. ¶¶ 8-10; Declaration of Douglas Kirby ("Kirby Dec."), ¶¶ 3-13.  Taken together, the declarations from the Navy plainly reveal that the agency thoroughly searched for documents in response to plaintiff's request under FOIA in the places where such documents would reasonably be expected to be found.

## III.    Defendant's Withholdings Are Lawful, Reasonable and Appropriate

### A.    Defendant Correctly Applied Exemption 2

Exemption 2 under FOIA exempts from mandatory disclosure records that are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Not long after FOIA was passed, the Supreme Court declared that Exemption 2 was intended to relieve agencies of the burden of assembling and providing access to any "matter in which the public could not reasonably be expected to have an interest" and matters of public interest "where disclosure may risk circumvention of agency regulation."  Department of Air Force v. Rose, 425 U.S. 352, 369-70 (1976).  Subsequently, courts have approved two general categories of withholdings under Exemption 2: (1) internal matters of a relatively trivial nature (sometimes referred to as "low-2"); and (2) more substantial internal matters for which disclosure would risk

-5-

circumvention of a legal requirement (sometimes called "high-2"). <u>Schiller v. NLRB</u>, 964 F.2d

1205, 1207 (D.C. Cir. 1992); <u>see</u> <u>Crooker v. ATF</u>, 670 F.2d 1051 (D.C. Cir. 1981) (en banc)

(setting forth a two part test for high-2 material).

      In this case, the Navy withheld computer codes and information relating to connecting its

computer systems to the Secret Internet Protocol Router Network. <u>See</u> James Dec. ¶ 6 & Exhs.

A, B. Among other things, the Navy withheld information concerning physical layouts and IP

internal, as well as limited Operating System information. <u>Id</u>. These kinds of codes and

information are primarily used to store and retrieve data in the Navy's computer systems. <u>See</u>

<u>id</u>. Disclosure of these items would risk allowing individuals to gain access to these information

systems and potentially to be able to gain access to sensitive government information relating to

security. <u>Id</u>. Because this information is purely internal and disclosure would significantly risk

harm or circumvention of the law, disclosure is plainly unwarranted. <u>Voinche v. Federal Bureau</u>

<u>of Investigation</u>, 940 F. Supp. 323, 328, 331 (D.D.C. 1996) (approving nondisclosure of

information relating to the Supreme Court building and Supreme Court justices under

Exemptions 2 and 7(E)), <u>aff'd</u>, No. 96-5304, 1997 U.S. App. LEXIS 19089 (D.C. Cir. 19, 1997)

(per curiam); <u>Kuffel v. United States Bureau of Prisons</u>, 882 F. Supp. 1116, 1123 (D.D.C. 1995)

(protecting computer and teletype numerical symbols in the interests of security); <u>Institute for</u>

<u>Policy Studies v. Department of the Air Force</u>, 676 F. Supp. 3, 5 (D.D.C. 1987) (Exemption 2

protects information which "could be used to seek out the [system's] vulnerabilities"); <u>Prows v.</u>

<u>United States Dep't of Justice</u>, No. 90-2561, 1996 WL 228463, at *2 (D.D.C. Apr. 25, 1996)

(protecting internal DEA markings and phrases that could, if released, facilitate improper access

to sensitive information); <u>Hall v. United States Dep't of Justice</u>, No. 87-474, 1989 WL 24542, at

*2 (D.D.C. Mar. 8, 1989) (protecting various items that "could facilitate unauthorized access to [agency] computer systems"); Institute for Policy Studies, 676 F. Supp. at 5 (exempting record revealing sensitive portions of agency's computer system which could be used to locate system's vulnerabilities); see Windels, Marx, Davies & Ives v. Department of Commerce, 576 F. Supp. 405, 412 (D.D.C. 1983) (protecting computer program under Exemptions 2 and 7(E) because it merely instructs computer how to detect possible violations of law and does not regulate or modify public behavior).

Accordingly, the Court should approve defendant's withholdings under Exemption 2.

## B.    Defendant Appropriately Withheld Information Covered By Exemption 6

Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  "The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual." Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999), (emphasis supplied), quoting Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982).  The Court has also emphasized that "both the common law and the literal understanding of privacy encompass the individual's control of information concerning his or her person." U.S. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 763 (1989).

In order to determine whether there would be a "clearly unwarranted invasion of personal privacy," the Court must balance the interests of protecting "an individual's private affairs from unnecessary public scrutiny," and "the public's right to governmental information." Lepelletier, 164 F.3d at 46 (interior quotation marks omitted), citing United States Dep't of Defense Dep't

-7-

of Military Affairs v. Federal Labor Relations Auth., 964 F.2d 26, 29 (D.C. Cir. 1992), quoting

Department of Air Force v. Rose, 425 U.S. 352, 372 (1976). In determining how to balance the

private and public interests involved, the Supreme Court has sharply limited the notion of "public

interest" under the FOIA: "[T]he only relevant public interest in the FOIA balancing analysis [is]

the extent to which disclosure of the information sought would 'she[d] light on an agency's

performance of its statutory duties' or otherwise let citizens know 'what their government is up

to.'" Lepelletier, 164 F.3d at 46 (editing by the court, emphasis supplied, interior quotation

marks omitted), quoting United States Dep't of Defense v. FLRA, 510 U.S. 487, 497 (1994).

See also Reporters Committee, 489 U.S. at 773. Information that does not directly reveal the

operation or activities of the federal government "falls outside the ambit of the public interest

that the FOIA was enacted to serve." Id. at 775. Further, "something, even a modest privacy

interest, outweighs nothing every time." National Ass'n of Retired Fed. Employees v. Horner,

879 F.2d 873, 879 (D.C. Cir. 1989); but see Lepelletier, 164 F.3d at 48 (in extraordinary

circumstance where the individuals whose privacy the government seeks to protect have a "clear

interest" in release of the requested information, the balancing under Exemption 6 must include

consideration of that interest).

  In this case, the Navy applied Exemption 6 to protect such things as the names and e-mail

addresses of government employees. See James Dec., Exhibit B (Vaughn index). The Vaughn

indices reflect that the Navy applied Exemption 6 to protect only that information which was

highly personal and whose release would shed no light on the operation of the Navy. Public

revelation of the names of Navy personnel with roles to play in protecting the national security

and computer security for the Space and Naval Warfare Systems Command is unwarranted,

particularly in light of the ongoing war on terrorism.  <u>See</u> James Dec. ¶ 7 (citing "heightened security awareness nationwide" and a memorandum from the Deputy Secretary of Defense).  The names of the individuals themselves reveal essentially nothing about the activities of the agency.  As a result, the Court should approve the Navy's application of Exemption 6 to the documents responsive to plaintiff's FOIA request.

**C.    All Reasonably Segregable Material Has Been Released to Plaintiff**

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); <u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C. Cir. 1977).  The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue <u>sua sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Serv.</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999).  In the course of processing all documents relating to plaintiff's request, Navy personnel carefully evaluated each and every document to separate exempt material from non-exempt material to ensure that the maximum amount of information was released.  James Dec. ¶ 9 & attached <u>Vaughn</u> index.  The Navy determined affirmatively that no meaningful portions could be released without destroying the integrity of the documents as a whole.

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." <u>Mead Data</u>, 566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification"

that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  Mead Data, 566 F.2d at 261, n.55.

A review of the James declaration and detailed Vaughn index submitted reveals that the Navy carefully reviewed the information and confirms that all reasonably segregable non-exempt material has been released.  Armstrong, 97 F.3d at 578-79; Mead Data, 566 F.2d at 261. Accordingly, the Court should find that all reasonably segregable material which could be released to plaintiff has been released.

### Conclusion

For all of these reasons, there are no genuine issues of fact regarding the Navy's processing of plaintiff's FOIA request, and defendant is entitled to judgment as a matter of law.

Dated: March 24, 2006.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

/s/_____

JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161