UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL GARRICK O'BRYAN, JR. )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )   Case No: 1:06CV00050 RJL
THE HONORABLE GORDON R.       )
ENGLAND, in his official      )
capacity as SECRETARY OF      )
THE UNITED STATES NAVY        )
                              )
            Defendant.        )
                              )

DECLARATION OF SUSAN C. JAMES

I, SUSAN C. JAMES, declare the following to be a true and correct statement of facts:

1. I am a Paralegal Specialist employed in the Office of Counsel, Space and Naval Warfare Systems Command (SPAWAR). My responsibilities include serving as the Command Freedom of Information Act and Privacy Act (FOIA/PA) Coordinator. My duties include the receipt of requests submitted to the Command under the FOIA and processing these requests in accordance with Navy policies.

2. The statements I make in this declaration are based on my own personal knowledge, the knowledge I acquired in the performance of my official duties, and my review of the official files and records of SPAWAR.

3. On September 14, 2005, the Space and Naval Warfare Systems Center, San Diego (SSC San Diego) Freedom of Information Act (FOIA) Coordinator received a request pursuant to the FOIA, 5 U.S.C. 552, from Michael O'Bryan for records concerning the "NMCI computer room SSC San Diego Building 40, Room 228, called the 'Green Team Lab' for the period April 2001 to September 2002".

4. On February 16 and 28, 2006, the FOIA Coordinator, SSC San Diego, released documents responsive to Mr. O'Bryan's request and notified him that portions of other documents responsive to his request appeared to be exempt from release and would be forwarded to SPAWAR for a release determination. On February 28, 2006, the FOIA Coordinator, SSC San Diego forwarded 72 pages of additional documents to SPAWAR for a release determination.

5. These additional documents responsive to Mr. O'Bryan's request included documents concerning computer accreditation for systems connected to the Secret Internet Protocol Router Network (SIPRNET), preliminary inquiries regarding possible security violations, room diagrams, and security training records. Responsive documents also included information pertaining to computer Internet Protocol (IP) addresses and operating systems. While this information was not classified, its release involved operational security issues and potentially made these systems vulnerable to targeted attacks. Additionally, these files identify individuals associated with SSC San Diego's computer accreditation. These individuals may potentially be targets for counter-intelligence efforts and as such have both a privacy and operational security interest that might reasonably be threatened by disclosure of their identities.

6. Freedom of Information Act Exemption 2, 5 U.S.C. § 552(b)(2), allows agencies to withhold from release critical infrastructure information for which disclosure could reasonably be expected to cause harm. The types of information that may warrant Exemption 2 protection for homeland security-related reasons include agency vulnerability assessments and evaluations of items of critical infrastructure that are internal to the government.

7. Further, under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), an agency is not obligated to disclose information that would constitute a clearly unwarranted invasion of personal privacy. In analyzing the release of such information pursuant to FOIA, the public's right to disclosure is weighed against the individual's right to privacy. Additionally, in light of recent terrorist activities within the United States resulting in heightened security awareness nationwide, the Department of Defense now withholds personally identifying information concerning its military and civilian personnel stationed within the United States whenever release would "raise security or privacy concerns." See Deputy Secretary of Defense Memorandum: "Operation Security Throughout the Department of Defense" (18 October 2001).

8. Exhibit A to this declaration is a letter dated March 15, 2006 from the SPAWAR Deputy Commander denying Plaintiff's FOIA request in part. Plaintiff was advised that certain information included within documents responsive to his request fell under FOIA Exemption 2, 5 U.S.C. § 552(b)(2), and, FOIA Exemption 6, 5 U.S.C. § 552(b)(6), and should properly be withheld from release. Accordingly, portions of the released documents were redacted and the appropriate FOIA Exemption noted where such information was being withheld. All 72 pages forwarded to SPAWAR were released to plaintiff. 8 pages were released in their entirety and 64 pages were released with information redacted and the appropriate FOIA exemption noted.

9. All information requested by Plaintiff was carefully evaluated for release. The only information redacted was information that was exempt from release. All reasonably segregated non-exempt information was released and no further information can be released.

10. Exhibit B to this declaration is an index describing each document released with information redacted and the appropriate FOIA exemption noted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 23 March 2006.

                                              */s/ Susan C. James*
                                              SUSAN C. JAMES



**DEPARTMENT OF THE NAVY**
SPACE AND NAVAL WARFARE SYSTEMS COMMAND
4301 PACIFIC HIGHWAY
SAN DIEGO, CA 92110-3127

```
                                              5720
                                              Ser.00C-3/068
                                              March 15, 2006
```

Control #SPAWAR26058

Stephen C. Glassman, Esq.
Glassman & Bullock
1950 Old Gallow Road, Suite 700
Vienna, VA  22182

Dear Mr. Glassman:

   This responds to the September 13, 2005 request, pursuant to the Freedom Of Information Act (FOIA), 5 U.S.C. § 552, by your client, Michael G. O'Bryan to the Space and Naval Warfare Systems Center, San Diego (SSC San Diego) for records relating to the "NMCI Computer Room #228 at SSC-SD Building 40, previously called 'Green Team Lab'."

   On February 16 and 28, 2006, the FOIA Coordinator, SSC San Diego, forwarded to you documents responsive to Mr. O'Bryan's request and advised you that portions of other responsive documents appeared to be exempt from release and that they were being forwarded to Space and Naval Warfare Systems Command (SPAWAR) for a release determination. These additional documents consist of 72 pages.

   These additional documents responsive to Mr. O'Bryan's request include documents concerning computer accreditation for systems connected to the Secret Internet Protocol Router Network (SIPRNET), preliminary inquiries regarding possible security violations, room diagrams, and security training records. Responsive documents also include information pertaining to computer Internet Protocol (IP) addresses and operating systems. While this information is not classified, its release involves operational security issues and potentially makes these systems vulnerable to targeted attacks.

   Additionally, these files identify individuals associated with SSC San Diego's computer accreditation. These individuals may potentially be targets for counter-intelligence efforts and as such have both a privacy and operational security interest that might reasonably be threatened by disclosure of their identities.

Exhibit A

```
                                                    5720
                                                    Ser.00C-3/068
```

Freedom of Information Act Exemption 2, 5 U.S.C. § 552(b)(2), allows agencies to withhold from release critical infrastructure information for which disclosure could reasonably be expected to cause harm. The types of information that may warrant Exemption 2 protection for homeland security-related reasons include agency vulnerability assessments and evaluations of items of critical infrastructure that are internal to the government.

Further, under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), an agency is not obligated to disclose information that would constitute a clearly unwarranted invasion of personal privacy. In analyzing the release of such information pursuant to FOIA, the public's right to disclosure is weighed against the individual's right to privacy. Additionally, in light of recent terrorist activities within the United States resulting in heightened security awareness nationwide, the Department of Defense now withholds personally identifying information concerning its military and civilian personnel stationed within the United States whenever release would "raise security or privacy concerns." See Deputy Secretary of Defense Memorandum: "Operation Security Throughout the Department of Defense" (18 October 2001).

I have carefully considered the facts and circumstances associated with Mr. O'Bryan's request and based upon the foregoing, I have concluded that certain information included within documents responsive to Mr. O'Bryan's request falls under FOIA Exemption 2, 5 U.S.C. § 552(b)(2), and, FOIA Exemption 6, 5 U.S.C. § 552(b)(6), and should properly be withheld from release. Accordingly, portions of the enclosed documents have been redacted and the appropriate FOIA Exemption noted where such information is being withheld.

Because your request has been denied in part, you are advised that you have the right to appeal this determination in writing to:
    General Counsel of the Navy
    Washington Navy Yard
    720 Kenyon Street SE, Room 214
    Washington D.C. 20374-5066

Your appeal must have a copy of this letter enclosed along with a statement regarding why your appeal should be granted.

5720
Ser. 00C-3/068

The General Counsel of the Navy must receive your appeal within 60 calendar days from the date of this letter. Please add the words "Freedom of Information Act Appeal," to both your appeal and the envelope and send a copy to the SPAWAR FOIA Coordinator. The mailing address is Space and Naval Warfare Systems Command, Code 00C-3, 4301 Pacific Highway, San Diego CA 92110-3127.

I am the official responsible for the denial of your request.

Sincerely,

RODRICK F. SMITH
Deputy Commander

Enclosures: 1. Security Incident Reports Case Numbers 94-01 and 070-02
2. Computer Accreditation Packages
3. Security Training Documentation

## DOCUMENTS LOCATED AND DISCLOSED WITH INFORMATION DELETED

| DOCUMENT ITEM | DOCUMENT IDENTIFICATION | NO. OF PAGES |
|---|---|---|
| Item 1: | Security Incident Report 94-01 and supporting documents<br>Removed names of government employees on pages 1, 2, 5 and 7, 5 U.S.C. 552(b)(6). Removed security marking on page 7, 5 U.S.C. 552(b)(2). | 7 |
| Item 2: | Security Incident Report 070-2 and supporting documents<br>Removed names of government employees on pages 1, 2, 3, 6, 7, 9 and 10, 5 U.S.C. 552(b)(6). | 11 |
| Item 3: | Memorandum Ser 20351/80-4 dated 3 March 2006<br>Removed name of government employee, 5 U.S.C. 552(b)(6). | 1 |
| Item 4: | Memorandum Ser 20351/353-04 dated 21 October 2004<br>Removed name of government employee on page 1, 5 U.S.C. 552(b)(6). Removed Operating System information and IP addresses on pages 2 and 3, 5 U.S.C. 552(b)(2). | 3 |
| Item 5: | Information System(s) Accreditation Request Form<br>Removed name of government employee on page 1, 5 U.S.C. 552(b)(6). Removed Operating System information and IP addresses on pages 2 and 3, 5 U.S.C. 552(b)(2). | 2 |
| Item 6: | Memorandum, Classified Open Storage Certification for Building 40, Room 222, 223 and 224 dated 31 March 2003<br>Removed names of government employees, 5 U.S.C. 552(b)(6). | 1 |
| Item 7: | E-mail message of 17 June 2002, Green Team SOP<br>Removed e-mail addresses of government employees, 5 U.S.C. 552(b)(6) | 1 |
| Item 8: | SIPRNET Diagram<br>Removed IP addresses, 5 U.S.C. 552(b)(2). | 1 |

Exhibit B

| | | |
|---|---|---|
| Item 9: | Memorandum, Ser 20351/121-01 dated 27 September 2001<br>Removed names of government employees, 5 U.S.C. 552(b)(6). | 1 |
| Item 10: | Bldg 40, Room 222-224 Equipment List<br>Removed Operating System information, 5 U.S.C. 552(b)(2). | 1 |
| Item 11: | E-mail message of 18 March 2002, Corrected Copy - Additional Lab System Accreditation and VPN Approval<br>Removed e-mail addresses and names of government employees, 5 U.S.C. 552(b)(6). | 2 |
| Item 12: | E-mail message of 15 March 2002, Lab IS and VPN Accreditation Approval<br>Removed e-mail addresses of government employees, 5 U.S.C. 552(b)(6). | 1 |
| Item 13: | SIPRNET Connectivity Diagram<br>Removed name of government employee (5 U.S.C. 552(b)(6)) Operating System information and IP addresses (5 U.S.C. 552(b)(2)) | 1 |
| Item 14: | Topside Building 40, Rooms 222-224 Diagram<br>Removed floor plan diagram, 5 U.S.C. 552(b)(2). | 1 |
| Item 15: | Room 222 Diagram<br>Removed name of government employee (5 U.S.C. 552(b)(6)) floor plan diagram, operating system information and IP addresses (5 U.S.C. 552(b)(2). | 1 |
| Item 16: | E-mail message of 27 September 2001, Re: Request Final Accreditation Lab 222-224<br>Removed name of government employee, 5 U.S.C. 552(b)(6). | 2 |
| Item 17: | Lab 223 Floor Plan<br>Removed floor plan diagram, 5 U.S.C. 552(b)(2). | 1 |
| Item 18: | Room 224 configuration<br>Removed name of government employee (5 U.S.C. 552(b)(6)) and floor plan diagram (5 U.S.C. 552(b)(2). | 1 |
| Item 19: | Room 223<br>Removed name of government employee (5 U.S.C. 552(b)(6)), floor plan diagram and Operating System information (5 U.S.C. 552(b)(2). | 1 |

| Item 20: | E-mail message of 16 June 2001, FW: PB64970 Removed e-mail addresses of government employees, 5 U.S.C. 552(b)(6). | 1 |
|---|---|---|
| Item 21: | Bldg 40, Room 222-224 Equipment List Removed Operating System information, 5 U.S.C. 552(b)(2). | 1 |
| Item 22: | E-mail message of 27 September 2001, Request Final Accreditation Lab 222-224 Removed e-mail addresses of government employees, 5 U.S.C. 552(b)(6). | 1 |
| Item 23: | Memorandum, Classified Open Storage Certification for Building 40, Room 224 dated 31 January 1999 Removed names of government employees, 5 U.S.C. 552(b)(6). | 1 |
| Item 24: | E-mail message dated 27 February 2006, D87 ISSO Appointment Removed names of government employees, 5 U.S.C. 552(b)(6). | 2 |
| Item 25: | Employee Training Report Removed names of government employees, 5 U.S.C. 552(b)(6). | 3 |
| Item 26: | 2874 Training Removed names of government employees, 5 U.S.C. 552(b)(6). | 22 |